UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

---

**ASHLEY WILSON,**
509 E. Peter Lane
Little Chute, WI 54140

    Plaintiff,

            Case No.   26-CV-319

vs.

**THE LINCOLN NATIONAL**
**LIFE INSURANCE COMPANY, INC.,**
Registered Agent:
Corporation Service Company
33 East Main Street, Suite 610
Madison WI, 53703

    Defendant.

---

### COMPLAINT

---

The Plaintiff, Ashley Wilson, by Hawks Quindel, S.C., for her complaint against the above-named Defendant, hereby states as follows:

### JURISDICTION & VENUE

1. Plaintiff, a participant in an employee welfare benefit plan, brings this action pursuant to 29 U.S.C. § 1132 of the Employee Retirement Income Security Act of 1974, as amended (ERISA) to recover benefits due to Plaintiff pursuant to the terms of the plan and to enforce and clarify Plaintiff's rights under the terms of the plan.

2. This Court has jurisdiction over this action pursuant to 29 U.S.C. § 1132, as the claims herein arise under ERISA.

3. Venue is proper in the Eastern District of Wisconsin pursuant to 29 U.S.C. § 1132(e)(2) and 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to these claims occurred in this District and, because, in substantial part, the breaches asserted herein took place in this District.

## PARTIES

4. Plaintiff is an adult resident of Little Chute, Wisconsin, and at all times relevant to this complaint, was a participant in, and beneficiary of, an employer-sponsored group long term disability (LTD) benefit plan.

5. Defendant, the Lincoln National Life Insurance Company (d/b/a Lincoln Financial Group and hereinafter referred to as "LFG" or "Defendant") on information and belief is a corporation organized under the laws of Indiana, licensed to do business in Wisconsin. Upon information and belief, Defendant issued a group LTD disability insurance policy, identified as Policy No. GD/GF3-840-444809-01 to Charter Communications, Inc.

6. The Plan is an employee welfare benefit plan subject to ERISA and has been in effect since at least January 1, 2017 and continues to the present time.

7. Plaintiff's administrative remedies have been exhausted as a condition precedent to filing this action.

## FACTS

8. Plaintiff is a former Customer Service and Repair employee for Charter Communications, Inc, and by virtue of this employment, was an eligible participant in the Plan.

9. Plaintiff and her family, including her young children, suffered from carbon monoxide poisoning in or around February 2020, after they discovered that they had been exposed to carbon monoxide in their home.

10. Plaintiff ceased working on October 29, 2021 due to a variety of chronic medical conditions caused or exacerbated by her carbon monoxide poisoning including trigeminal neuralgia (severe nerve pain episodes), central vestibular dysfunction, chronic fatigue, cognitive and auditory processing deficits related to carbon monoxide exposure, and visual and sensory overload issues.

11. As a result of Plaintiff's medical conditions, Plaintiff applied for short-term disability benefits, and Defendant approved that claim through the maximum benefit period.

12. Plaintiff subsequently applied for LTD benefits with the Defendant.

13. Defendant approved Plaintiff's claim for LTD benefits from April 29, 2022 until April 28, 2024.

14. Plaintiff's LTD benefit is worth approximately $2,102.88 per month.

15. Defendant denied Plaintiff's LTD benefits claim beyond April 28, 2024.

16. Defendant was responsible for determining whether Plaintiff was eligible for LTD benefits.

17. Defendant was responsible for paying Plaintiff's LTD benefits.

18. Plaintiff timely appealed Defendants' denial of Plaintiff's benefits claim.

19. Plaintiff submitted complete medical documentation which confirmed Plaintiff's disability as part of the appeal.

20. Plaintiff submitted all information requested by the Defendant.

21. Defendant failed to consider the issues raised in Plaintiff's appeal.

22. Defendant ignored clear medical evidence of Plaintiff's medical conditions and disability.

23. Defendant did not perform a "full and fair review" of Plaintiff's claim.

24. Defendant failed to notify Plaintiff of the additional material necessary in order for Plaintiff to perfect Plaintiff's claim and an explanation of why that material was necessary.

25. Defendant failed to adequately explain why it rejected specific evidence in Plaintiff's file.

26. Defendant failed to engage in a meaningful dialogue with Plaintiff.

27. Defendant failed to adequately explain its reasons for denying Plaintiff benefits.

28. Defendant conducted a selective review of Plaintiff's medical records.

29. Defendant failed to adequately assess Plaintiff's employability before determining that Plaintiff is not sufficiently disabled to qualify for benefits.

30. At all times material to this complaint, Plaintiff has remained disabled as defined by the Plan.

31. At all times material to this case, the Plan has remained in full force and effect.

32. Defendant's denial of Plaintiff's claim LTD benefits caused Plaintiff to suffer the loss of benefits and to incur expenses.

### FIRST CAUSE OF ACTION:
### DENIAL OF BENEFITS IN VIOLATION OF
### SECTION 502(a)(1)(B) OF ERISA

33. The preceding paragraphs are reincorporated by reference as though set forth here in full.

34. Plaintiff has been and remains disabled, as that term is defined by the Plan.

35. Defendant wrongfully, arbitrarily, and capriciously denied LTD benefits due to Plaintiff.

36. Defendant interpreted and applied the terms and conditions of the Plans in a manner that is inconsistent with the plain language contained therein.

37. Upon information and belief, Defendant inconsistently interpreted the terms and conditions of the Plans from one case to the next.

38. As both the payer of claims and the adjudicator of LTD claim eligibility, Defendant has an inherent conflict of interest.

39. Defendant's denial of Plaintiff's LTD benefits was "downright unreasonable."

40. For these and other reasons, Defendant wrongfully denied Plaintiff's claim for LTD benefits and Plaintiff is entitled to said benefits pursuant to § 502(a)(1)(B) of ERISA.

**WHEREFORE** the Plaintiff, Ashley Wilson, demands judgment from the Defendant for the following:

A. Payment of all retroactive LTD benefits owed to Plaintiff under the terms and conditions of the Plans;

B. A declaration of Plaintiff's continued eligibility for all LTD benefits under the Plan;

C. Prejudgment interest;

D. Reasonable attorney's fees and costs related to the action; and

E. Such other and further relief that the Court deems just and equitable.

Dated: this 25th day of February, 2026.

By: */s/ Jessa L. Victor*
Jessa L. Victor
State Bar No.: 1099144
John M. Chick
State Bar No.: 1126590
Attorney for Plaintiff
Hawks Quindel, S.C.
409 East Main Street
P.O. Box 2155
Madison, Wisconsin 53701-2155
Telephone: 608/257-0040
Email: jvictor@hq-law.com; jchick@hq-law.com